IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELLIOTT J. SCHUCHARDT, individually and doing business as the Schuchardt Law Firm, | CIVIL DIVISION |
| | Case No. _____ |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| BARACK H. OBAMA, in his capacity as President of the United States; JAMES R. CLAPPER, in his official capacity as Director of National Intelligence; ADM. MICHAEL S. ROGERS, in his official capacity as Director of the National Security Agency and Chief of the Central Security Service; and JAMES B. COMEY, in his official capacity as Director of the Federal Bureau of Investigation, | |
| Defendants. | |

## CIVIL COMPLAINT

The Plaintiff, Elliott J. Schuchardt, individually and doing business as the Schuchardt Law Firm, files this Complaint against the above-captioned Defendants.

## Parties

1. The Plaintiff, Elliott J. Schuchardt, is an attorney having an office located at United States Steel Building, Suite 660, 600 Grant Street, Pittsburgh, PA 15219.

2. Defendant Barack H. Obama is President of the United States. As such, he has ultimate authority over the actions of the United States federal government. President Obama maintains an address at The White House, 1600 Pennsylvania Avenue, Washington, DC 20500.

3. Defendant James R. Clapper is the Director of National Intelligence ("DNI"). As such, Clapper has ultimate authority over the activities of the intelligence community. Defendant Clapper maintains an address at James R. Clapper, Washington, DC 20511.

4. Defendant Admiral Michael R. Rogers is the Director of the National Security Agency ("NSA"). As such, Rogers has ultimate authority for supervising and implementing all operations and functions of the NSA, the agency responsible for conducting surveillance authorized by the challenged law. Admiral Rogers maintains an address at National Security Agency, 9800 Savage Road, Fort Meade, MD 20755.

5. Defendant James B. Comey is the Director of the FBI. As such, Comey is responsible for applications made to the Foreign Intelligence Surveillance Court under Section 215 of the Patriot Act. Defendant Comey maintains an address at FBI Headquarters, 935 Pennsylvania Avenue, N.W., Washington, DC 20535-0001.

## Background

6. The Plaintiff, Elliott J. Schuchardt, is a consumer of various types of electronic communication, storage, and internet-search services. These include the e-mail services provided by Google and Yahoo; the internet search service provided by Google; the cloud storage service provided by Dropbox; the e-mail and instant message services provided by Facebook; and the cell phone and text communication service provided by Verizon Communications.

7. The Defendants are unlawfully intercepting, accessing and storing the private communications of the Plaintiff, made or stored through such services.

8. This complaint will refer to the Defendants' above-described activities as the "collection" of private communications.

9. The Defendants' collection of data includes both the content of the Plaintiff's e-mail, as well as the "metadata" associated with such e-mail.

10. For purposes of this complaint, the content of an e-mail includes the actual text of the e-mail and any attachments to the e-mail, including photographs and documents.

11. The term "metadata" describes how, when and by whom a particular set of data was created, as well as the format of the data.

12. For an e-mail, the metadata includes the e-mail accounts which sent and received the e-mail, the sender's e-mail service provider, the date and time the e-mail was sent, and the name and address of each account holder.

13. For a telephone call, the metadata includes the originating and destination phone numbers, the date and time of the call, the duration of the call, and the name and address of the persons who hold such phone numbers.

14. Since March 12, 2006, the Defendants have been collecting both the content and the metadata of the Plaintiffs' private e-mail communications sent through the Yahoo e-mail system.

15. Since approximately 2008, the Defendants have been collecting the metadata associated with the Plaintiff's cell phone communications through Verizon Communications.

16. Since January 14, 2009, the Defendants have been collecting both the content and the metadata of the Plaintiffs' private e-mail communications sent through the Google "gmail" e-mail system.

17. Since January 14, 2009, the Defendants have been collecting the content and the metadata of the Plaintiffs' private internet search history through the Google search website.

18. Since June 3, 2009, the Defendants have been collecting the content of the Plaintiff's e-mail and instant messages through Facebook.

19. Upon information and belief, since approximately June 2013, the Defendants have been collecting the content and metadata of documents stored by the Plaintiff using the Dropbox cloud storage service.

20. The documents, images and communications collected by the Defendants contain information of a private and confidential nature.  Such communications include bank account numbers; credit card numbers; passwords for financial data; health records; and trade secrets of a confidential and valuable nature.

21. The documents and communications collected by the Defendants also include communications with clients of Schuchardt's law firm, which are privileged and confidential under applicable law.

22. Upon information and belief, the Defendants are storing such information in a computer database, or through a government program, which the Defendants call "Prism."

23. The Defendants' conduct is unlawful under the United States Constitution, the civil and criminal laws of the federal government, and the civil and criminal laws of the Commonwealth of Pennsylvania.

24. It is impossible to understate the danger of the Defendants' conduct.  The framers of the United States constitution were familiar with abusive governmental conduct.  They therefore specifically stated that the United States government would <u>not</u>

have the power to search and seize the private papers of United States citizens without obtaining a *warrant* from a neutral and detached magistrate, issued upon a finding of probable cause.

25. Now, for the first time in history, a small group of persons within the United States government is attempting to seize all of the private, electronic communications of the American citizenry, with little or no independent review.

26. The system set up by the Defendants constitutes nothing more than a system of "turnkey totalitarianism." If the Defendants' conduct is not reigned in promptly by the courts, the Defendants will have the power to engage in widespread blackmail, and theft of significantly more than information.

27. Every citizen of the United States is at risk. This includes the trade secrets of the Fortune 500 and billions of dollars held by New York investment banks.

## COUNT I

### Declaratory and Injunctive Relief

### Violation of the Fourth Amendment

28. The Plaintiff incorporates by reference all of the above paragraphs as though set forth herein in their entirety.

29. According to 28 U.S.C. § 2201, this Court has the power to adjudicate a dispute between the Plaintiff and the Defendants involving any issue involving federal law.

30. The Plaintiff is aggrieved by the above-described conduct of the Defendants.

31. The Defendants are subject to the law established by the United States Constitution.

32. According to the 4th Amendment of the United States Constitution:

> <u>The right of the people to be secure in their</u> persons, houses, <u>papers, and effects, against unreasonable searches and seizures, shall not be violated</u>, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

33. The Plaintiff has an expectation of privacy in the above-described private information and electronic communciations being collected by the Defendants.

34. The Defendants have unlawfully collected such information in violationof the 4th Amendment, without obtaining a warrant and without probable cause.

35. As of this date, the Defendants have refused to provide any public explanation of the legal authority that purports to authorize their intrusion into the affairs of the Plaintiff.

36. The Plaintiff respectfully submits that any such purported authority, when ultimately disclosed by the Defendants, is unlawful as a violation of the 4th Amendment of the United States Constitution.

37. If the Defendants are purporting to act pursuant to secret orders established by the Foreign Intelligence Surveillance Court, the Plaintiff respectfully submits that any such authority is also unlawful as a violation of the due process clause of the 14th Amendment.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court enter an order (a) enjoining the Defendants from engaging in any further collection of the above-described confidential information of the Plaintiff, and (b) establishing procedures to ensure that the Defendants refrain from unlawful conduct in the future.

## COUNT II

## Injunctive Relief

## Intrusion / Invasion of Privacy

38.     The Plaintiff incorporates by reference all of the above paragraphs as though set forth herein in their entirety.

39.     The Defendants have invaded the privacy of the Plaintiff -- and have intruded upon the private affairs of the Plaintiff -- in violation of Pennsylvania law.

40.     It is unclear whether monetary damages will be sufficient to compensate the Plaintiff.

41.     The Defendants have already compromised, or caused the termination of, all secure e-mail communication services based in the United States.  This includes the e-mail service, Lavabit, which previously sought to keep its communications safe and private from the Defendants.

42.     Upon information and belief, the Defendants have also compromised the security of the cloud storage service, Dropbox.

43.     Given the dearth of secure, alternative e-mail and cloud storage services available in the United States, the Plaintiff respectfully seeks injunctive relief against the Defendants.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court enter an order (a) enjoining the Defendants from engaging in any further collection of the above-described confidential information of the Plaintiff, and (b) establishing procedures to ensure that the Defendants refrain from unlawful conduct in the future.

## COUNT III

## Declaratory and Injunctive Relief

## Violation of the Foreign Intelligence Surveillance Act

44. The Plaintiff incorporates by reference all of the above paragraphs as though set forth herein in their entirety.

45. According to 28 U.S.C. § 2201, this Court has the power to adjudicate a dispute between the Plaintiffs and the Defendants involving any issue involving federal law.

46. The Plaintiff is aggrieved by the above-described conduct of the Defendants.

47. If the Defendants are purporting to act pursuant to the Foreign Intelligence Surveillance Act, then it appears that the Defendants are in violation of such act.

48. According to 50 U.S.C. § 1861(b)(2)(B), the Defendants are required to utilize "minimization procedures" with respect to information that is inadvertently obtained concerning an "unconsenting United States person" during an investigation relating to international terrorism or clandestine intelligence activities.

49. On July 29, 2009, Attorney General Eric Holder adopted minimization procedures that allowed the Defendants to retain the Plaintiff's confidential and valuable information for a period of up to five years, and possibly longer.

50. Such minimization procedures were kept secret from the Plaintiff until recently.

51. The minimization procedures adopted by the Attorney General are unlawful, and do not comply with the federal law.

52. The Foreign Intelligence Surveillance Act does not contemplate, or authorize, the retention of the Plaintiff's confidential information for a period of five years.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court enter an order determining that the maximum duration of the minimization procedures under the Foreign Intelligence Surveillance Act, as it applies to the Plaintiffs' confidential information, is substantially less than five years.

Respectfully submitted,

By: /s/ Elliott J. Schuchardt
    Elliott Schuchardt
    PA I.D. #78911

SCHUCHARDT LAW FIRM
U.S. Steel Tower, Suite 660
600 Grant Street
Pittsburgh, PA 15219
Phone:  (412) 414-5138
E-mail:  elliott016@gmail.com

*Pro Se*