# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELLIOTT SCHUCHARDT, | )
| Plaintiff, | )
| v. | ) Civil Action No. 14-705
| DONALD J. TRUMP, *et al.*, | ) Judge Cathy Bissoon
| Defendants. | )

## ORDER

Defendants' renewed Motion to Dismiss (Doc. 57) for lack of standing will be granted. The parties are well-acquainted with the underlying facts and arguments in this case; including the Court of Appeals for the Third Circuit's Opinion and instructions on remand. The only issue is: has Plaintiff plausibly shown, under the factual-challenge-to-standing paradigm (as opposed to facial), that the government captured his information through dragnet-type data collection.

The Circuit Court specifically held that Plaintiff's "alleged facts − even if proven − do not conclusively establish that PRISM operates as a dragnet on the scale he has alleged." Doc. 38 at 31. The Court acknowledged that the "[s]everal commentators and . . . few courts" to "have examined PRISM appear to agree with the Government's view of the program's 'targeted' nature." *Id.* at 32-33. It envisioned the government renewing its standing-challenge, this time factually as opposed to facially; and it raised the prospect of jurisdictional discovery, and the relevant-considerations attendant thereto.

Rather than engage in jurisdictional discovery, the parties agreed that the government would make an informal informational-disclosure; and Plaintiff contemplated that he might be

thus-satisfied, rendering additional litigation unnecessary. Ultimately, however, Plaintiff remained unconvinced, and Defendants have renewed their Motion to Dismiss.

Nowhere in opposition does Plaintiff complain that he was denied a fair opportunity to marshal evidence to contradict the government's record. Rather, he has enlisted the efforts of two purported "experts," Messrs. Binney and Wiebe (who are no strangers to this litigation). These individuals have not worked for the NSA since 2001, and their affidavits rely on the same categories of materials that already were before the District and Circuit Courts the first time around.

A current evaluation of Plaintiff's claims is heavily-influenced by the context and legal framework now applicable. Given that the standing-inquiry has shifted from a facial challenge to a factual one, Plaintiff carries the burden, and the standard is a preponderance-of-the-evidence. ACE Amer. Ins. Co. v. Guerriero, 738 Fed. Appx. 72, 76 (3d Cir. June 20, 2018); *accord* GBForefront, L.P. v. Forefront Mgmt. Grp., LLC, 888 F.3d 29, 35 (3d Cir. 2018) (cited and relied upon in ACE American).

Defendants have shown, by a preponderance of the evidence, that the government did not engage in dragnet-type collection activity – as discussed by the Circuit Court − thereby establishing a plausible claim that Plaintiff's data was captured. In support of this conclusion, the Court incorporates by reference, as if fully restated, the evidence and arguments recited in Defendants' opening and reply briefs (Docs. 58 & 73).

The court need not delve into the niceties of the various individual evidentiary-challenges raised by Defendants, as relates to Plaintiff's materials. Even permitting all of Plaintiff's evidence − which, by the time of his current briefing, is restricted to the recent affidavits of

Messrs. Binney and Wiebe[1] – Defendant's positions carry the day under the preponderance-of-the evidence standard (a conclusion that should not be entirely surprising, given the language of the Circuit Court's Opinion).

This Court sees little benefit to rehashing the arguments and factual recitations in Defendants' briefing, which are meticulous and already have been incorporated by reference. The Court does offer, though, these additional overarching observations. Plaintiff's new affidavits, in large part, rely on the same underlying evidence already before this Court and the Circuit. What new documents are referenced − even assuming their authenticity and admissibility – do not tip the scales under the preponderance of the evidence standard. *See* Defs.' Reply (Doc. 73) at 3-4 (explaining why the new documents still do not demonstrate dragnet-collection, as alleged by Plaintiff). More generally, the notion that Plaintiff can take largely the same evidence; filter it through the mouthpiece of purported experts (with modest embellishment); and hope to satisfy his burdens under the presently-applicable standards; seems rather weak tea, given the Circuit Court's discussions.

While this Court questions-not Plaintiff's sincerity and passion, his post-remand efforts, candidly, are somewhat underwhelming. Perhaps the limitations say less of Plaintiff's efforts than an inconvenient-reality – in light of the record now before the Court, PRISM has *not* been shown to be the dragnet-type collection mechanism suggested. There really is not much more to be said.

The Court appreciates the candor and reasonableness with which Plaintiff has approached the remand. *See* discussion *supra* (noting Plaintiff's willingness to keep an open mind regarding

---

[1] *See* Pl.'s Opp'n Br. (Doc. 68) at 10-11 (declining to resist Defendants' arguments regarding the non-competence of evidence "*previously filed* in this case," because Plaintiff now is relying on his "two new affidavits") (emphasis in original).

continued-pursuit of this litigation, depending on what the government ultimately presented). Hopefully, he can close this chapter feeling that his civic-duty has been met, to the fullest of his abilities; and that his overall objectives have been achieved. *Cf.* Defs.' Br. (Doc. 58) at 10 (by the time of remand, Plaintiff's claims regarding the bulk collection of telephone metadata were mooted by the passage of the USA FREEDOM Act; he had no claim for money damages; and all that remained was his claim for injunctive relief based on the government's alleged bulk collections under PRISM).[2]

For all of the reasons stated herein, Defendants' renewed Motion to Dismiss (**Doc. 57**) is **GRANTED**, and a judgment order under Rule 58 will issue contemporaneously herewith.

IT IS SO ORDERED.


February 4, 2019                                              s/Cathy Bissoon
                                                                              Cathy Bissoon
                                                                              United States District Judge

cc (via ECF email notification):

All Counsel of Record

---

[2] This Court takes comfort in knowing that the legislature has imposed measures of accountability, as relates to the programs-in-question, including PRISM. *See id.* at 15-16 (discussing the Privacy and Civil Liberties Oversight Board's Report, which supports the government's evidence that PRISM achieves targeted, not dragnet-type, data collection).